No. 5975.

### J. T. BUFFINGTON ET AL. VS. CHARLES CLINTON, AUDITOR.

The Auditor refused to issue the warrant demanded by plaintiffs, because their claim, under the constitutional amendment of 1874, having its origin in 1870, could not be paid out of the revenues of 1875, and because the revenues of the year 1870 had been exhausted by warrants previously drawn against them.

The Auditor was wrong in his refusal. The payment of the amount directed by the Legislature to be made to the plaintiffs was not necessarily required to be paid out of the revenues of 1870. The Legislature ordered it to be paid out of any moneys not otherwise appropriated. Whether the revenues of 1870 were or were not exhausted, plaintiffs were entitled to a warrant upon which they could draw their money whenever there might be funds in the treasury to be disbursed within the purview and meaning of the act of the Legislature ordering this debt to be paid.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *John Ray,* for plaintiffs and appellants. *Charles S. Rice,* for defendant and appellee.

TALIAFERRO, J. The plaintiffs applied to the Superior District Court for a writ of mandamus ordering the defendant to issue in their favor a warrant on the Treasurer for $2214 30 out of any moneys in the treasury not otherwise appropriated, in pursuance of an act of the Legislature numbered 35 of the regular session of 1875, by which that sum was appropriated for their relief. To the rule *nisi* the Auditor answered that under the constitutional amendment of 1874 the relators' claim, having its origin in 1870, could not be paid out of the revenues of 1875, and that the revenues of the year 1870 had been exhausted by warrants pre-

viously drawn against them. The rule was discharged by the judge of the lower court, from which judgment in favor of defendant the relators have appealed.

The payment of the amount directed by the Legislature to be made to the plaintiffs was not necessarily required to be paid out of the revenues of the year 1870. The State owed this debt to the parties demanding a warrant for it. The Legislature ordered it to be paid out of any moneys in the treasury not otherwise appropriated. Whether the revenues of 1870 were or were not exhausted by warrants drawn against them, the relators' right to be paid at some time was not annulled. They were entitled to a warrant upon which they could draw their money, whenever there might be funds in the treasury to be disbursed within the purview and meaning of the act of the Legislature ordering this debt to be paid.

It is therefore ordered that the judgment of the lower court be annulled and reversed. It is now ordered that the mandamus be made peremptory, and that the Auditor be required to issue the warrant asked for by the relators, and that respondent pay all costs of these proceedings.